IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE IV, JANE DOE V, JANE DOE VI, and JANE DOE VII, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 1:14-CV-8424 |
| THE CITY OF HARVEY, a municipal corporation, | ) ) ) |
| Defendant | ) |

## COMPLAINT

Now Come the Plaintiffs Jane Doe IV, Jane Doe V, Jane Doe VI, and Jane Doe VII, by and through their attorneys Yao O. Dinizulu of the Dinizulu Law Group, Ltd., and Todd L. McLawhorn of McLawhorn Law Offices, P.C., and state as follows:

## Nature of Action

1.  Plaintiffs are individuals who reported sexual assaults to the City of Harvey. The City of Harvey failed to investigate diligently the allegations made by Plaintiffs. Plaintiffs seek damages resulting from violations of due process, equal protection, and Illinois Constitution, Illinois Crime Victims Bill of Rights.

## Parties, Jurisdiction and Venue

2.  At all relevant times herein, Plaintiff Doe IV was a citizen of Cook County, Illinois.

3.  At all relevant times herein, Plaintiff Doe V was a citizen of Cook County, Illinois.

4.  At all relevant times herein, Plaintiff Doe VI was a citizen of Cook County, Illinois.

5.  At all relevant times herein, Plaintiff Doe VII was a citizen of Cook County, Illinois.

6.  Defendant The City of Harvey is a municipal corporation within the State of Illinois, and operated the Harvey Police Department.

7.    This action is brought pursuant to 42 U.S.C. § 1983, various other state of Illinois laws, and the common law.

8.    This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9.    Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the defendants reside in this district, and all wrongful acts and injuries occurred in this district.

**Allegations of Wrongful Conduct – Jane Doe IV**

10.    Jane Doe IV was born on December 23, 1985.

11.    On November 30, 1999, Doe IV was a minor.  On that date, Doe IV was sexually assaulted outside by a stranger.

12.    That same day, Doe IV went to Ingalls Memorial Hospital for treatment.  While at Ingalls Memorial Hospital, medical personnel took bodily fluid samples from Doe IV and placed them into an Illinois State Police Sexual Assault Evidence Kit for pick up by Harvey Police.

13.    Harvey Police Department retrieved Doe IV's Illinois State Police Sexual Assault Evidence Kit on November 30, 1999, including clothing belonging to Doe IV; however, Doe IV's Illinois State Police Sexual Assault Evidence Kit and clothing were willfully and wantonly not properly inventoried at the Harvey Police Department.

14.    Harvey Police Department willfully failed to send Doe IV's Illinois State Police Sexual Assault Evidence Kit and clothing to the forensic laboratory for testing for a period of over ten (10) years.

15.    On information and belief, the acting Commander Andrew Joshua was notified of the allegations by Doe IV.

16.     Due to Harvey Police Departments failure to investigate and send Doe IV's Illinois State Police Sexual Assault Evidence Kit for a period of over ten (10) years, Doe IV's criminal case was closed because the criminal statute of limitations had expired prior to sending the evidence to the lab for testing.

17.     Neither Doe IV nor her mother was informed of the results of any testing of the sexual assault evidence kit or any follow up concerning Doe IV's allegations.

18.     Jane Doe IV suffered injuries, including but not limited to severe emotional and psychological injuries.

19.     Doe IV's mother inquired several times at the Harvey Police Department concerning Doe IV's sexual assault allegations and the status of any investigations.  No substantive information was ever communicated to Doe IV's mother in response to her inquiries.

**<u>Allegations of Wrongful Conduct – Jane Doe V</u>**

20.     Jane Doe V was born on July 27, 1996.

21.     On or about June 28 2010, Doe V was a minor.  On that date, Doe V was sexually assaulted by her mother's boyfriend's son, Lavandis Kirkwood Jr., at the home shared by Doe V, her mother, and her mother's boyfriend Harvey Police Officer Lavandis Kirkwood.

22.     Jane Doe's mother's boyfriend was Harvey Police Officer Lavandis Kirkwood.

23.     The Defendant City of Harvey Police Department was notified of the assault on June 28, 2010.

24.     Jane Doe V, her mother, as well as the assailant were taken to the Harvey Police Department for questioning.

25.     While at the Harvey Police Station, Jane Doe V's mother was told that she could not see or speak to her minor daughter.

26.     Defendant City of Harvey, however, permitted Harvey Police Officer Kirkwood to interfere in the investigation, and conspired by willfully and wantonly not preparing a sexual assault police report against Harvey Police Officer Kirkwood's son.

27.     Jane Doe V's mother attempted to file a sexual assault police report was willfully and wantoning squashed by Defendant and without her knowledge.

28.     Jane Doe V's mother requested a copy of the police report, but was improperly refused a copy by the Defendant City of Harvey.

29.     The Defendant City of Harvey willfully and wantonly failed to:

      a.  Provide medical attention to the minor;

      b.  Provide information for an order of protection;

      c.  Prepare a sexual assault police report;

      d.  Interview witnesses;

      e.  Gather evidence;

      f.  Allowed a minor to be questioned outside the presence of her guardian; and

      g.  Submit Doe V's case for felony review.

      h.  Jane Doe V suffered injuries, including but not limited to severe emotional and psychological injuries.

30.     Doe V's mother inquired several times at the Harvey Police Department concerning Doe V's sexual assault allegations and the status of any investigations.   No substantive information was ever communicated to Doe V's mother in response to her inquiries.

**Allegations of Wrongful Conduct – Jane Doe VI**

4

31.     Jane Doe VI was born on March 22, 1984.

32.     On July 26, 2000, Doe VI was a minor. On that date, Doe VI was sexually assaulted outside by two strangers displaying semi automatic handguns, which resulted in injury.

33.     On July 27, 2000, Doe VI went to Ingalls Memorial Hospital for treatment.  While at Ingalls Memorial Hospital, medical personnel took bodily fluid samples from Doe VI and placed them into an Illinois State Police Sexual Assault Evidence Kit for pick up by Harvey Police.

34.     Harvey Police Department retrieved Doe VI's Illinois State Police Sexual Assault Evidence Kit on July 27, 2000, including clothing belonging to Doe VI.

35.     On August 4, 2000, Doe VI's Illinois State Police Sexual Assault Evidence Kit and clothing were sent to the lab.

36.     On April 17, 2006, Defendant City of Harvey was notified by the Illinois State Police Forensic Lab that there was a match made to a suspect, Edward Reed.

37.     Defendant City of Harvey willfully and wantonly failed to:

        a.   Interview Edward Reed;

        b.   Arrest Edward Reed;

        c.   Secure sample of DNA from Edward Reed for testing; and

        d.   Submit Doe VI's case for felony review.

38.     Neither Doe VI nor her mother was informed of the results of any testing of the sexual assault evidence kit or any follow up concerning Doe VI's allegations.

39.     On information and belief, the acting Commander Andrew Joshua was notified of the allegations by Doe VI.

40.     Only years later and after the Illinois State Police took over the investigation from Defendants, the case was properly investigated and Edward Reed was charged with the aggravated criminal sexual assault with a firearm of Doe VI.

41.     Jane Doe VI suffered injuries, including but not limited to severe emotional and psychological injuries.

42.     Doe VI's mother inquired several times at the Harvey Police Department concerning Doe VI's sexual assault allegations and the status of any investigations.  No substantive information was ever communicated to Doe VI's mother in response to her inquiries.

**<u>Allegations of Wrongful Conduct – Jane Doe VII</u>**

43.     On October 23, 2001, Doe VII was sexually assaulted by a stranger in an abandoned house.

44.     Doe VII had visible injuries, including bruising on her legs.

45.     That day, Doe VII reported the sexual assault to the Defendants.

46.     On October 23, 2001, Doe VII went to Ingalls Memorial Hospital for treatment.  While at Ingalls Memorial Hospital, medical personnel took bodily fluid samples from Doe VII and placed them into an Illinois State Police Sexual Assault Evidence Kit for pick up by Harvey Police.

47.     On October 23, 2001, Defendant City of Harvey retrieved Doe VII's Illinois State Police Sexual Assault Evidence Kit and placed it in evidence.

48.     On November 1, 2001, Defendant City of Harvey sent Doe VII's Illinois State Police Sexual Assault Evidence Kit for testing.

49.     On January 28, 2002, Doe VII positively identified John Barner as the person who sexually assaulted her.

6

50. On January 28, 2002, John Barner was taken into custody and he submitted a blood sample for testing.

51. Defendant never sent John Barner's blood sample for testing to the Forensic Laboratory.

52. On February 18, 2003, Defendants were notified by the Illinois State Police Forensic Laboratory that John Barner was a match.

53. The match was made by comparing Doe VII's Illinois State Police Sexual Assault Evidence Kit to the DNA Index, and not a direct comparison to the blood provided to Defendant by John Barner.

54. Defendant failed to inform Doe VII of the results of any testing of the sexual assault evidence kit or any follow up concerning Doe VII's allegations.

55. On information and belief, the acting Commander Andrew Joshua was notified of the allegations by Doe VII.

56. John Barner has a history of sexual assaults convictions.

57. After the match was made, Defendants willfully and wantonly failed to:

    a.  Arrest John Barner; and

    b.  Submit Doe VI's case for felony review.

58. Only years later and after the Illinois State Police took over the investigation from Defendants, the case was properly investigated.

59. On January 21, 2011, the Assistant State's Attorney provided felony approval of John Barner for the aggravated criminal sexual assault of Doe VII.

60. Jane Doe VII suffered injuries, including but not limited to severe emotional and psychological injuries.

**The City of Harvey's Policies, Practices and Customs**

61.    The City of Harvey had the policy, practice and/or custom of failing to diligently investigate sexual assault allegations.  For example, according to a press release issued by the Cook County State's Attorney's Office on September 22, 2011, and in an interview with a representative of the Cook County State's Attorney's Office the following day:

     a.    Over 200 sexual assault evidence kits went untested for years;

     b.    The Illinois State Police and/or FBI seized the Harvey sexual assault evidence kits during a raid on the Police Department;

     c.    Approximately 50 of the 200 sexual assault evidence kits were viable from a scientific or statute of limitations standpoint;

     d.    As of September 2011, 14 people were charged with crimes in 20 or 21 sexual assaults from the kits seized, meaning that some of the offenders were serial attackers;

     e.    A disproportionate number of the victims were women.

62.    Defendant The City of Harvey failed to:

     a.    Provide aid to the injured Jane Doe IV, Jane Doe V, Jane Doe VI, and Jane Doe VII;

     b.    Assure that evidence was not lost;

     c.    Determine if an offense was committed;

     d.    Affect an arrest of the accused;

     e.    Interview witnesses and suspects;

     f.    Arrange for the timely analysis and evaluation of evidence;

     g.    Determine if other crimes may have been committed by the suspect;

     h.    Submit the sexual assault case for felony review; and

8

    i.  Provide Plaintiffs their rights as crime victims, as enumerated under the Illinois Crime Victims Bill of Rights, Illinois Const., Art. I, § 8.1, including:

        i.  Treating Plaintiffs with fairness and respect for their dignity and privacy throughout the criminal justice process;

        ii.  Notifying Plaintiffs of court proceedings;

        iii.  Providing information about the conviction, sentence, imprisonment and release of the accused;

        iv.  Timely disposition of the case following the arrest of the accused.

        v.  Ensuring reasonable protection from the accused through the criminal justice process; and

        vi.  Providing the right to restitution.

63.    On information and belief, the failure to investigate crimes of sexual assault, and the failure to notify the Department of Family and Child Services in cases where the victims were minors, were consistent with an institutional practice of the City of Harvey Police Department, which was known to and ratified by the City of Harvey and its agents, the Defendant having failed to take any effective action to prevent City of Harvey police personnel from continuing to engage in such misconduct.

64.    On information and belief, Defendant the City of Harvey had prior notice of the reckless, willful and wanton, deliberate and/or intentional actions of their employees and agents, but took no steps to train them, correct abuses of authority, or discourage the unlawful use of authority. The failure to properly train their employees and agents included the failure to instruct them as officers of the peace and in applicable laws of Illinois.

65.     On information and belief, Defendant The City of Harvey authorized, tolerated as institutional practices, and ratified the misconduct above by:

    a.   Failing to properly supervise The City of Harvey police personnel;

    b.   Failing to properly train The City of Harvey police personnel;

    c.   Failing to properly discipline, restrict, and control employees, including but not limited to investigating crimes of sexual assaults of females;

    d.   Failing to take adequate precautions in the hiring, promotion, and retention of police personnel;

    e.   Failing to forward to the office of the District Attorney of Cook County evidence of criminal acts committed by Cook County Correctional officers;

    f.   Failing to notify the Department of Child and Family Services of claims of sexual assault of minors;

    g.   Failing to protect and ensure evidence is not lost or mishandled; and

    h.   Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of sexual assault and/or complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public.

### Fraudulent Concealment

66.     Defendant owed a fiduciary or confidential relationship toward Doe IV, Doe V, Doe VI, and Doe VII as victims of sexual assault who had made allegations to the Defendant and had identified the perpetrators.   In addition, to the extent Plaintiffs and other class

members were minors at the time of the sexual assaults, the Defendant owed an additional duty to them by virtue of their minor status.

67.    Defendant The City of Harvey, by and through its agents, willfully and wantonly and/or with reckless disregard fraudulently concealed Plaintiffs' causes of action, as follows:

a.    Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following

i.    In some cases, failing to test the sexual assault evidence kits;

ii.    Failing to investigate the allegations against the accused;

iii.    Failing to notify Doe IV, Doe V, Doe VI, and Doe VII concerning what happened to their sexual assault evidence kits.

b.    Knowingly failed to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury, including but not limited to the following:

i.    In some cases, failing to notify testing facilities of the sexual assault evidence kits in its possession;

ii.    Failing to notify Plaintiffs and class members about any results from their sexual assault evidence kits.

iii.    Failing to ensure and notify Plaintiffs of their rights as crime victims, as enumerated under the Illinois Crime Victims Bill of Rights, Illinois Const., Art. I, § 8.1.

68.    As a direct and proximate result of Defendant's conduct, Plaintiffs were misled as to their causes of action against Defendant and other parties.

69.    Plaintiffs could not have learned of the existence of their causes of action, when the evidence was in the exclusive control of Defendant.

11

## Tolling of Statute of Limitations

70.   On March 21, 2012, *Doe II v. City of Harvey*, Case No. 12-cv-02069, was filed.   That case alleged, among other things, that Harvey violated the Plaintiffs' due process and equal protection rights, and asserted those allegations on behalf of a class of all females who reported sexual assaults to the City of Harvey Police Department on or after August 3, 1997.

71.   Doe IV, Doe V, Doe VI and Doe VII fit within the class definition in *Doe II* and were all putative class members of the alleged *Doe II* class.   The statute of limitations was tolled for their claims while the class allegations were pending.

72.   On September 22, 2014, the *Doe II* court denied Plaintiffs' motion for class certification.

73.   Accordingly, the statute of limitations was tolled for the claims asserted herein by Doe IV, Doe V, Doe VI and Doe VII from March 21, 2012 to September 22, 2014.

## COUNT I- 42 U.S.C. §1983 DUE PROCESS
## AGAINST THE CITY OF HARVEY

74.   Plaintiffs incorporate paragraphs 1 to 73 as though fully stated herein.

75.   This Count is brought on behalf of Plaintiffs Doe IV, Doe V, Doe VI, and Doe VII.

76.   This Count is brought pursuant to 42 U.S.C. §1983 against The City of Harvey.

77.   At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state.   Upon information and belief, the Harvey Police Department was following policies and procedures.

78.   At all times relevant herein, Defendant knew that victims of sexual assault had provided evidence of sexual assault, and that Defendant was not taking steps to investigate properly the allegations.

79.     Defendant had a duty to investigate diligently the allegations and to submit the sexual assault kits for testing.

80.     At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantonly, and/or with reckless disregard deprived Plaintiffs of rights and/or privileges secured by the constitution, including but not limited to:

    i.      Defendant violated Plaintiffs' and class members' Due Process Clause property interests in their DNA samples, which had been provided and stored at The City of Harvey's facility, and their right to redress in the courts, by failing to investigate, by either failing to submit sexual assault kits for testing or failing to report the results to the victims whose kits were tested, or arrest the accused;

    ii.     Defendant violated Plaintiffs' and class members' Due Process Clause property interests in their persons, by failing to investigate, by either failing to submit sexual assault kits for testing or failing to report the results to the victims whose kits were tested, or arrest the accused.

81.     Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Doe IV, Doe V, Doe VI, and Doe VII.

82.     Defendant's deliberate indifference, willfully and wantonly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexually abused.

83.     Defendant violated Plaintiffs' civil rights by having an express policy that, when enforced, caused a constitutional deprivation to Plaintiffs, or by having a widespread

13

practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

84. The constitutional injury inflicted by Defendant was caused by a person with final policymaking authority at The City of Harvey.

85. Defendant knew about the above-described conduct and facilitated it, approved it, condoned it, and/or turned a blind eye to the conduct.

86. The above-described conduct of Defendant The City of Harvey constitutes a violation of Section 1983. Plaintiffs are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

## COUNT II- 42 U.S.C. §1983 EQUAL PROTECTION
## AGAINST THE CITY OF HARVEY

87. Plaintiffs incorporate paragraphs 1 to 73 as though fully stated herein.

88. This Count is brought on behalf of Plaintiffs Doe IV, Doe V, Doe VI, and Doe VII.

89. This Count is brought pursuant to 42 U.S.C. § 1983 against The City of Harvey.

90. At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state. Upon information and belief, the Harvey Police Department was following policies and procedures.

91. At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantonly, and/or with reckless disregard deprived Plaintiffs of rights and/or privileges secured by the constitution, including but not limited to:

      i. Defendants violated Plaintiffs' and class members' Due Process Clause property interests in their DNA samples, which had been provided and stored at The City of Harvey's facility, and their right to redress in the courts, by

14

failing to investigate, by either failing to submit sexual assault kits for testing or failing to report the results to the victims whose kits were tested, or arrest the accused;

ii. Defendants violated Plaintiffs' and class members' Due Process Clause property interests in their persons, by failing to investigate, by either failing to submit sexual assault kits for testing or failing to report the results to the victims whose kits were tested, or arrest the accused.

92. Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiffs and other class members.

93. Defendant's deliberate indifference, willfully and wantonly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a minor was sexually abused.

94. Defendant's conduct was motivated by gender.

95. Defendant's conduct was intentional and due to Plaintiffs' female gender.

96. Defendants have a history of discriminating against females. Defendant treated sexual assault reports from women with less priority than other crimes not involving women reporting sexual assaults abuse.

97. Defendant violated Plaintiffs' civil rights by having an express policy that, when enforced, caused a constitutional deprivation to Plaintiffs, or by having a widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

98.     The constitutional injury inflicted by Defendant was caused by a person with final policymaking authority at The City of Harvey.

99.     Defendant knew about the above-described conduct and facilitated it, approved it, condoned it, and/or turned a blind eye to the conduct.

100.    The above-described conduct of Defendant The City of Harvey constitutes a violation of Section 1983. Plaintiffs are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

## COUNT III - ILLINOIS CRIME VICTIMS BILL OF RIGHTS, ILLINOIS CONST., ART. I, § 8.1 AGAINST THE CITY OF HARVEY

101.    Plaintiffs incorporate paragraphs 1 to 73 as though fully stated herein.

102.    This Count is brought on behalf of Plaintiffs Doe IV, Doe V, Doe VI, and Doe VII.

103.    This Count is brought pursuant to the Illinois Crime Victims Bill of Rights, Illinois Const., Art. I, § 8.1, against The City of Harvey.

104.    Defendants had the following enumerated duties under the Illinois Constitution Illinois Const., Art. I, § 8.1:

    a.  To treat Plaintiffs with fairness and respect for their dignity and privacy throughout the criminal justice process;

    b.  Notify Plaintiffs of court proceedings;

    c.  Provide information about the conviction, sentence, imprisonment and release of the accused;

    d.  Timely disposition of the case following the arrest of the accused.

    e.  Ensure reasonable protection from the accused through the criminal justice process; and

  f. Provide the right to restitution.

105. At all times relevant herein, Defendant The City of Harvey in bad faith with deliberate indifference, intentionally, willfully and wantonly, and/or with reckless disregard deprived Plaintiffs rights and/or privileges secured by the constitution, including but not limited to:

  a. Failing to treat Plaintiffs with fairness and respect for their dignity and privacy throughout the criminal justice process;

  b. Failing to notify Plaintiffs of court proceedings;

  c. Failing to provide information about the conviction, sentence, imprisonment and release of the accused;

  d. Failing to timely disposition of the case following the arrest of the accused.

  e. Failing to ensure reasonable protection from the accused through the criminal justice process; and

  f. Failing to provide the right to restitution.

106. Defendant The City of Harvey in bad faith with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Doe IV, Doe V, Doe VI, and Doe VII.

107. Defendants violated Plaintiffs' by having an express policy that, when enforced, caused a Illinois Constitutional deprivation to Plaintiffs, or by having a widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

108. The constitutional injury inflicted by Defendants was caused by a person with final policymaking authority at The City of Harvey.

109.   Defendant acted in bad faith, knew about the above-described conduct and facilitated it, approved it, condoned it, and/or turned a blind eye to the conduct.

110.   The above-described conduct of Defendant The City of Harvey constitutes a violation of the Illinois Constitution, Illinois Crime Victims Bill of Rights.  Plaintiffs are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

## **Prayer for Relief**

**WHEREFORE**, Doe IV, Doe V, Doe VI, and Doe VII respectfully request that this Court:

(a) Find that Defendant violated Section 1983, and the common law by engaging in the above conduct;

(b) Enjoin Defendant The City of Harvey to cease the equal protection violations and other violations, to establish and disseminate policies and procedures that diligently investigate allegations of sexual assault, and to train its workforce in those policies and procedures;

(c) Award compensatory damages in an amount to be determined at trial to fully compensate Plaintiffs for their injuries;

(d) Award Plaintiffs their reasonable attorneys' fees and costs; and

(e) Such other relief as the Court deems just and proper.

Respectfully submitted,

DINIZULU LAW GROUP, LTD.


By:     s/ Yao O. Dinizulu_____
        Yao O. Dinizulu


Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.
221 N. LaSalle, Suite 1100
Chicago, IL 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com

Todd L. McLawhorn
McLawhorn Law Offices, P.C.
407 S. Dearborn, Suite 1310
Chicago, IL  60605
Telephone:  (312) 419-1941
Facsimile:  (312) 893-3851
todd@mcllegal.com